

U. S. DEPARTMENT OF JUSTICE

William Ihlenfeld
United States Attorney's Office
Northern District of West Virginia

**FILED**

SEP 0 6 2024

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

Derek W. Hotsinpiller Federal Building
320 West Pike Street
Suite 300
Clarksburg, WV 26301

Phone: (304) 623-7030
FAX: (304) 234-0110

April 23, 2024

Patrick J. Burke, Esq.
303 16th Street, Ste. 200
Denver, CO 80202
**By e-mail:** Patrick-J-Burke@msn.com

Nathan Chambers, Esq.
303 16th Street, Ste. 200
Denver, CO 80202
**By e-mail:** nchambers@nathanchamberslaw.com

Belinda A. Haynie, Esq.
168 Chancery Row
Morgantown, WV 26505
**By e-mail:** bhaynie183@gmail.com

In re: *United States v. Fotios Geas, aka "Freddy,"* 1:22-CR-51-1

Dear Counsel:

This will confirm conversations with you concerning your client, Fotios Geas, aka "Freddy" (hereinafter referred to as "Defendant"). All references to the "Guidelines" refer to the

_____     4/26/24
Fotios Geas, aka "Freddy,"            Date
Defendant

_____     _____
Patrick J. Burke, Esq.                Date
Counsel for Defendant

_____     4/26/24
Nathan Chambers, Esq.                 Date
Counsel for Defendant

_____     _____
Belinda A. Haynie, Esq.               Date
Counsel for Defendant

Fotios Geas, aka "Freddy" – Plea Agreement
April 23, 2024
Page 2

guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1. The Defendant will plead guilty to Voluntary Manslaughter, a felony and lesser-included offense to that charged in Count Two of the Superseding Indictment, and Assault Resulting in Serious Bodily Injury, as charged in Count Four of the Superseding Indictment.

2. The maximum penalty to which Defendant will be exposed by virtue of his/her plea of guilty to Voluntary Manslaughter, a felony and lesser-included offense to that charged in Count Two of the Superseding Indictment, as stated in paragraph 1 above is: imprisonment for not more than Fifteen (15) years; a fine of $250,000.00; and a term of Three (3) years of supervised release.

The maximum penalty to which Defendant will be exposed by virtue of his/her plea of guilty to Assault Resulting in Serious Bodily Injury, as charged in Count Four of the Superseding Indictment, as stated in paragraph 1 above is: imprisonment for not more than Ten (10) years; a fine of $250,000.00; and a term of Three (3) years of supervised release.

It is further understood by Defendant that there is a special mandatory assessment of $100.00 (18 U.S.C. § 3013) per felony conviction, for a total of $200.00, **which must be paid within 40 days following entry of his/her plea** by money order or certified check to the United States District Court. It is also understood that Defendant may be required by the Court to pay the costs of his/her incarceration, supervision, and probation.

_____          4/26/24
Fotios Geas, aka "Freddy,"          Date
Defendant

_____
Patrick J. Burke, Esq.              Date
Counsel for Defendant

_____          4/26/24
Nathan Chambers, Esq.               Date
Counsel for Defendant

_____
Belinda A. Haynie, Esq.             Date
Counsel for Defendant

3. At the final disposition in this matter, the United States will move to dismiss any remaining counts of the Superseding Indictment, but expressly reserves the right to reinstate and prosecute any dismissed charge(s) should the defendant's conviction later be vacated on appeal or collateral attack.

4. The United States and the Defendant agree under Federal Rule of Criminal Procedure 11(c)(1)(C) that the appropriate sentence in this case is a binding term of One Hundred Eighty (180) months for the offense of Voluntary Manslaughter, a felony and lesser-included offense to that charged in Count Two of the Superseding Indictment, and a binding term of One Hundred Twenty (120) months for the offense of Assault Resulting in Serious Bodily Injury, as charged in Count Four of the Superseding Indictment. Further, the parties agree that the sentences shall run consecutive to each other and to any sentence(s) the Defendant is currently serving or which have been previously imposed. The court will also impose the mandatory Special Assessment of $100.00 per felony conviction, for a total of $200.00. No fine is recommended because the Defendant does not have the financial ability to pay a fine. The parties also recommend that no additional supervised release be imposed. The recommended sentences are considered by the government to be adequate under the circumstances of this case to provide a reasonable sentence for the Defendant's crime(s) while disposing of the case without the expenditure of significant judicial or prosecutorial resources.

The defendant understands that should the court not accept the plea agreement described above, he would have the right to withdraw his pleas pursuant to Fed. R. Crim. Pro. 11(c)(5)(B). However, pursuant to Fed. R. Crim. Pro. 11(c)(5)(C), should the defendant choose not to withdraw his pleas of guilty following the court's advisement that it rejects the plea agreement, the court may dispose of the case less favorably toward the defendant than the instant plea agreement contemplates.

_F GEAS_  
Fotios Geas, aka "Freddy,"  
Defendant

Date: 4/26/24

_Patrick J. Burke_  
Patrick J. Burke, Esq.  
Counsel for Defendant

Date:

_Chambers_  
Nathan Chambers, Esq.  
Counsel for Defendant

Date: 4/26/24

_Belinda A. Haynie_  
Belinda A. Haynie, Esq.  
Counsel for Defendant

Date:

5. The parties hereby stipulate and agree to the following factual basis:

   A. United States Penitentiary Hazelton is owned and operated by the United States Department of Justice, Federal Bureau of Prisons, on land acquired for the use of the United States, and within the concurrent jurisdiction of the United States as described in Title 18, United States Code, Section 7(3).
   B. United States Penitentiary Hazelton is located in Preston County and the Northern District of West Virginia.
   C. On October 30, 2018, Fotios Geas, aka "Freddy," Paul J. DeCologero, aka "Pauly," Sean McKinnon, and James Bulger, aka "Whitey," were inmates in the custody of the Federal Bureau of Prisons at the United States Penitentiary Hazelton. All four inmates were assigned to the F-1 housing unit.
   D. Geas was assigned to cell 125 of the F-1 housing unit. Geas was 51 years old.
   E. McKinnon was assigned to cell 125 of the F-1 housing unit. McKinnon was 32 years old.
   F. DeCologero was assigned to cell 229 in the F-1 housing unit. DeCologero was 44 years old.
   G. Bulger arrived at United States Penitentiary Hazelton on the evening of October 29, 2018, and was assigned to cell 132 in the F-1 housing unit. Bulger was 89 years old and in poor health.
   H. At 6:06am on October 30, 2018, Geas and DeCologero exited cell 125 and went to cell 132, which was occupied by Bulger. DeCologero entered cell 132 first followed by Geas. Geas and DeCologero remained in cell 132 for several minutes.
   I. While inside cell 132, Geas and Bulger became involved in a verbal altercation. Geas then struck Bulger in the head.
   J. DeCologero served as a lookout as Geas assaulted Bulger in cell 132. Further, DeCologero assisted Geas in placing Bulger's body in his bunk and covering him with bedding.

_____  4/26/24
Fotios Geas, aka "Freddy,"    Date
Defendant

_____
Patrick J. Burke, Esq.        Date
Counsel for Defendant

_____  4/26/24
Nathan Chambers, Esq.         Date
Counsel for Defendant

_____
Belinda A. Haynie, Esq.       Date
Counsel for Defendant

Fotios Geas, aka "Freddy" – Plea Agreement
April 23, 2024
Page 5

    K. At 6:12am, Geas and DeCologero left cell 132.
    L. At 8:07am, staff discovered Bulger lying in his bunk with blankets and sheets covering most of his body, except for the top of his head. The staff observed blood on Bulger's head and he was unresponsive. Staff attempted emergency medical treatment, but Bulger was pronounced dead at 9:04am.
    M. On October 31, 2018, Dr. Allen Mock, the Chief Medical Examiner for the West Virginia Office of the Chief Medical Examiner, performed an autopsy on Bulger. Dr. Mock found multiple blunt force injuries to Bulger's head, including, bilateral periorbital edema; confluent contusions to right and left orbital soft tissues; hemorrhage to his tongue; blunt force injuries to his left ear to include several contusions, lacerations, and hemorrhages; multiple subarachnoid hemorrhages; and cerebral contusion. Dr. Mock also found blunt force injuries to Bulger's back and his arms. Dr. Mock determined that the cause of Bulger's death was blunt force injuries to his head and the manner of death was homicide.
    N. The FBI Laboratory analyzed several items for the presence of DNA. The lab determined that two blankets that were covering Bulger when he was discovered contained DNA matching DeCologero.

    6.    Defendant is aware that 18 U.S.C. § 3742 affords a Defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Defendant waives the following rights:

_F GEAS_                         4/26/24
Fotios Geas, aka "Freddy,"           Date
Defendant

_[signature]_
Patrick J. Burke, Esq.            Date
Counsel for Defendant

_[signature]_                         4/26/24
Nathan Chambers, Esq.           Date
Counsel for Defendant

_[signature]_
Belinda A. Haynie, Esq.           Date
Counsel for Defendant

Fotios Geas, aka "Freddy" – Plea Agreement
April 23, 2024
Page 6

---

A. Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

B. The Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

C. To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to Defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

The United States waives its right to appeal. Both parties have the right during any appeal to argue in support of the sentence.

_F GEAS_
Fotios Geas, aka "Freddy,"
Defendant

Date: 4/26/24

_Patrick J. Burke, Esq._
Counsel for Defendant

Date:

_Nathan Chambers, Esq._
Counsel for Defendant

Date: 4/26/24

_Belinda A. Haynie, Esq._
Counsel for Defendant

Date:

Fotios Geas, aka "Freddy" – Plea Agreement
April 23, 2024
Page 7

7. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Defendant's background, criminal record, the offense charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by Defendant or his counsel.

8. Furthermore, Mr. Geas agrees to pay restitution, jointly and severally with co-defendant Paul J. DeCologero, as required pursuant to Title 18, United States Code, Section 3663A(c). The defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. Furthermore, the defendant agrees to provide all requested financial information to the United States and the U.S. Probation Office, and agrees to participate in a pre-sentencing debtor examination if requested by the U.S. Attorney's Office. The defendant also authorizes the Financial Litigation Unit in the U.S. Attorney's Office to access the defendant's credit report from any major credit reporting agency prior to sentencing in order to assess his/her financial condition for sentencing purposes. The defendant agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the U.S. Attorney's Office. The defendant further agrees that any schedule of payments imposed by the Court represents the defendant's minimal financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment. If the defendant is sentenced to a period of incarceration, the defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation.

_____    4/26/24
Fotios Geas, aka "Freddy,"           Date
Defendant

_____    _____
Patrick J. Burke, Esq.               Date
Counsel for Defendant

_____    4/26/24
Nathan Chambers, Esq.                Date
Counsel for Defendant

_____    _____
Belinda A. Haynie, Esq.              Date
Counsel for Defendant

Fotios Geas, aka "Freddy" – Plea Agreement
April 23, 2024
Page 8

In addition, the defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In order to pay any outstanding criminal monetary penalties, the defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from his wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. The defendant hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

9. Defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose sentences below or above the applicable Guideline range, so long as the sentences are reasonable and within the statutory maximums specified in Title 18 of the United States Code for the offenses of conviction. However, the parties contemplate a plea agreement and binding sentences pursuant to Fed. R. Crim. Pro. 11(c)(1)(C), as described in paragraph 4 above.

10. If Defendant's pleas are not accepted by the Court or are later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

_F GEAS_  
Fotios Geas, aka "Freddy,"  
Defendant

Date: 4/26/24

_Patrick J. Burke, Esq._  
Counsel for Defendant

Date:

_Nathan Chambers, Esq._  
Counsel for Defendant

Date: 4/26/24

_Belinda A. Haynie, Esq._  
Counsel for Defendant

Date:

Fotios Geas, aka "Freddy" – Plea Agreement
April 23, 2024
Page 9

11. The Defendant was not debriefed as a part of this plea agreement. Further, he did not provide any information or any substantial assistance to the government in this case or any other case. Therefore, the United States will not make a § 5K1.1 "substantial assistance to the government" motion for this defendant. Likewise, the United States will not make any motions pursuant to Federal Rule of Criminal Procedure 35 for this defendant. The government will not recommend any downward departure or variance below the consecutive statutory sentences as stated in Paragraph 2.A.1 on Page 2 of the plea agreement.

12. The above Eleven (11) paragraphs constitute the entire agreement between the Defendant and the United States of America in this matter. **There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.**

Very truly yours,

WILLIAM IHLENFELD
United States Attorney

By: Randolph J. Bernard
First Assistant United States Attorney

By: Brandon S. Flower
Assistant United States Attorney

As evidenced by my signature at the bottom of the nine (9) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____     4/26/24
Fotios Geas, aka "Freddy,"            Date
Defendant

_____
Patrick J. Burke, Esq.               Date
Counsel for Defendant

_____     4/26/24
Nathan Chambers, Esq.                Date
Counsel for Defendant

_____
Belinda A. Haynie, Esq.              Date
Counsel for Defendant